**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DONNA JO KRUER,
        Appellant,

      v.

DEPARTMENT OF COMMERCE,
        Agency.

DOCKET NUMBER
CH-0752-13-0595-I-1

DATE: August 28, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jeremy A. Lannan, Louisville, Kentucky, for the appellant.

Kelly Frederick, Jeffersonville, Indiana, for the appellant.

Johahna Johnson, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as modified by the penalty analysis set forth below, we AFFIRM the initial decision.

¶2        The appellant was a GS-5 Lead Statistical Assistant in a center which has as its function telephone interviewing activities.  Initial Appeal File (IAF), Tab 10 at 127-30.  Serving as a "coach," she provided quality control of data obtained by agency employees who conducted telephone surveys by monitoring interviewing staff to ensure conformity with standards and preparing reports summarizing the results to management.  *Id.*  In removing the appellant for inappropriate conduct, the agency alleged that, on five occasions, she was connected to two interviewers at overlapping times, yet filed reports indicating that she had monitored all of both sessions.  *Id.* at 32-35, 25-28.  The agency stated that it had considered the appellant's past record, consisting of an oral admonishment she received in March 2001 for absence without leave and a written reprimand she received in February 2004 for taking an unauthorized break.  *Id.* at 34.

¶3        On appeal, the appellant challenged the charged misconduct and argued that the penalty was unreasonable.  *Id.*, Tab 1 at 6.  She requested a hearing.  *Id.* at 12.

¶4        Thereafter, the administrative judge issued an initial decision affirming the agency's action.  *Id.*, Tab 25, Initial Decision (ID) at 1, 10.  In sustaining the charge, the administrative judge found more credible the testimony of agency

officials, as to the propriety of what occurred, than the testimony of the appellant. ID at 2-6. The administrative judge further found that a nexus existed between the sustained charge and the efficiency of the service, ID at 6-7, and that removal was a reasonable penalty, ID at 7-10.

¶5      On petition for review, the appellant challenges the administrative judge's findings on the merits and her credibility determinations and also raises an issue related to discovery. Petition for Review (PFR) File, Tab 1 at 4-6. In addition, the appellant argues that the administrative judge improperly relied on her past record. *Id.* at 6. The agency has responded in opposition to the appellant's petition. *Id.*, Tab 5.

¶6      The charge at issue is inappropriate conduct. Where, as here, an agency employs a generic label for an adverse action charge, the Board looks to the specifications to determine what conduct the agency is relying on as the basis for its action. *Boltz v. Social Security Administration*, 111 M.S.P.R. 568, ¶ 16 (2009). In the five specifications supporting the charge, the agency alleged, and provided evidence to show, that the appellant conducted multiple monitoring sessions at the same time, that is, she was connected to two interviewers at overlapping times but filed reports that she had fully monitored both sessions. IAF, Tab 10 at 51-70. The administrative judge found that the appellant did not dispute that she logged into two sessions at the same time but determined that she offered various explanations for her actions. ID at 2. For example, early on, she explained that, by her actions, she was endeavoring to find out if a particular interviewer she had monitored before was present. ID at 2; IAF, Tab 10 at 47. Later, in her reply to the notice of proposed removal, she indicated that she had simply forgotten to log out of one session before conducting another evaluation. ID at 3; IAF, Tab 10 at 29. And during the hearing, she testified that she was never told that she could not monitor two interviews at the same time, and that she did so by toggling between them. Hearing Compact Disc (CD).

¶7     The administrative judge rejected the appellant's claim that she was not on notice that she could not monitor two sessions at the same time or overlapping times. In doing so, the administrative judge considered the testimony of two agency officials that the agency does not allow the simultaneous monitoring of two different interviews. ID at 4. The administrative judge also relied on an official reprimand the appellant received on February 2, 2005, in part for failing to follow proper work procedures by providing feedback to an interviewer without having monitored the complete call. IAF, Tab 19 at 6-8. This reprimand is one of two elements of the appellant's past record that the agency indicated it relied on in taking this action.[2] Prior to the conclusion of the hearing, the agency requested to recall a witness to rebut the appellant's testimony regarding her lack of knowledge and, in lieu thereof, the administrative judge allowed the agency to introduce documentary evidence. Several days after the hearing, the agency offered the document in question to impeach the appellant's credibility as to her claim that she was not on notice that it was improper to "score" a session without having monitored the entire session. *Id.* The appellant objected as the agency had not otherwise submitted the document as part of the record in this case, *id.*, Tab 20, but the administrative judge overruled the objection and accepted the document, *id.*, Tab 24. In assessing the appellant's credibility, the administrative judge found in the initial decision that, based on the written reprimand, and contrary to her protestations, the appellant was on notice that the type of conduct that led to her removal was unacceptable and, if repeated, would subject her to future disciplinary action. ID at 6.

¶8     There is nothing improper in considering the appellant's prior misconduct in impeaching her credibility, if the misconduct had anything to do with her

---

[2] The date of this action as indicated in the notice of proposed removal, February 2004, appears to be in error, as does the recitation of the stated charge. IAF, Tab 10 at 34. There were actually two charges in the reprimand. *Id.*, Tab 19 at 6-8. The agency acknowledged that there was, in fact, only one prior reprimand. *Id.*, IAF, Tab 11 at 8.

propensity for telling the truth. *Carrick v. U.S. Postal Service*, [67 M.S.P.R. 280](#), 283, *aff'd*, 69 F.3d 555 (Fed. Cir. 1995) (Table); *Hillen v. Department of the Army*, [35 M.S.P.R. 453](#), 459 (1987). Here, the administrative judge considered the appellant's prior misconduct to impeach her credibility as to her denial that she was on notice that the conduct that formed the basis for her removal was wrong. That misconduct did bear on the appellant's propensity to tell the truth because, in scoring the session described in the prior misconduct, she purposefully gave the impression that she had monitored the entire session when, in fact, she had not. Under the circumstances, we find that the administrative judge did not err in relying on the reprimand to impeach the appellant's credibility.[3] Moreover, in finding the appellant less credible than agency witnesses, the administrative judge also considered the varied explanations that she provided for her actions. Prior inconsistent statements are among the factors appropriate for an administrative judge's consideration when making a credibility determination. *Hillen*, 35 M.S.P.R. at 458.

¶9      The Board will not disturb an administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions of credibility. *See Crosby v. U.S. Postal Service*, [74 M.S.P.R. 98](#), 105-06 (1997); *Broughton v. Department of Health & Human Services*, [33 M.S.P.R. 357](#), 359 (1987). The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing, and can overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, [288 F.3d 1288](#), 1301 (Fed. Cir. 2002).

¶10     Our review shows that, in finding that the agency proved the charge in this case, the administrative judge complied with the requirements of *Crosby* and

---

[3] We do not suggest, however, that the agency was thereby free to rely on the written reprimand for other purposes in its defense of this action.

*Broughton* in making detailed findings of fact and credibility determinations. Although she did not make explicit credibility determinations based on witness demeanor, she did so implicitly, finding that the appellant provided several inconsistent explanations for her conduct and that she was on notice that her actions were improper. We find, therefore, that the appellant has failed to make a showing that the administrative judge made erroneous findings of material fact in concluding that the agency proved the charge.[4]

¶11    On review, the appellant raises a related discovery issue. PFR File, Tab 1 at 5-6. Specifically she argues that the agency failed to provide interviewer INOTES (a computer-generated report of an interviewing session) and WEBCATI (Computer Assisted Telephone Interviewing) Activity Reports for the monitoring sessions at issue. The record reflects that, during discovery, the appellant requested these documents regarding each of the ten interviewers referenced in the notice of proposed removal (Request for Documents #7), and that, in response, the agency referred her to the agency file which included the WEBCATI reports for each of the instances of misconduct. IAF, Tab 11, Tab 10 at 51-70. In her motion to compel, the appellant appeared to argue that the agency had failed to provide the INOTES. IAF, Tab 12. The administrative judge ruled on other parts of the appellant's motion but did not specifically address Request for Documents #7. *Id.*, Tab 15. The appellant asked that the administrative judge reconsider her ruling, *id.*, Tab 16, and, she did so, granting the request to the extent that it related directly to the specifications of misconduct

---

[4] As she did in her reply to the proposal notice, IAF, Tab 10 at 31, the appellant argues on review that she was on various medications that affected her memory, PFR File, Tab 1 at 5. The administrative judge considered the claim, albeit in connection with her penalty discussion, but found no showing that the misconduct at issue related to the appellant's conditions. ID at 9. Beyond her disagreement, the appellant has not shown error in the administrative judge's finding. To the extent the appellant makes this argument to counter the administrative judge's finding that she is not credible, her assertion does not provide a basis for the Board to disturb the administrative judge's findings. *Haebe*, 288 F.3d at 1301.

cited in the notice of proposed removal, *id.*, Tab 18. At the hearing, agency officials testified that the documents in question were unavailable as they were routinely destroyed after 3 months. Hearing CD. The appellant argues that they would have proven beyond a reasonable doubt whether or not she engaged in inappropriate conduct, as charged. She has failed, however, to show that the administrative judge erred in concluding that the agency proved the charge by preponderant evidence in view of her finding that the WEBCATI Reports the agency submitted show that, on the five occasions cited, the appellant connected to the records of two interviewers at overlapping times, yet reported that she had conducted two complete monitoring sessions. Based on our review, we find that the appellant has not shown that the administrative judge abused her discretion concerning this discovery issue. *McCarthy v. International Boundary and Water Commission*, 116 M.S.P.R. 594, ¶ 15 (2011), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012).

¶12        The appellant challenges on review the administrative judge's reliance, in her penalty analysis, on the written reprimand the appellant received on February 2, 2005. PFR File, Tab 1 at 6. As noted, the agency referred in the proposal notice to this reprimand and an earlier oral admonishment. IAF, Tab 10 at 34. The administrative judge found that the agency properly relied on the appellant's past record in its penalty selection. ID at 9-10. The Board's review of a prior disciplinary action is limited to determining whether that action is clearly erroneous, if the employee was informed of the action in writing, the action is a matter of record, and the employee was permitted to dispute the charges before a higher level of authority than the one that imposed the discipline. *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339-40 (1981). Even if the written reprimand meets the *Bolling* criteria, it provided that it would remain in the appellant's Official Personnel File for a minimum of 1 year, but no longer than 3 years from January 28, 2005, the date of issuance. IAF, Tab 19 at 7. Under the circumstances, reliance on the reprimand for

purposes of enhancing the penalty was improper. *Cantu v. Department of the Treasury*, <u>88 M.S.P.R. 253</u>, ¶ 6 (2001).

¶13    Although the appellant did not specifically challenge the administrative judge's reliance in her penalty analysis on the March 2001 oral admonishment, we find that it too was improper. It was not made a matter of record and we therefore cannot determine if it met the *Bolling* criteria.

¶14    It remains to determine whether removal was proper as to the cited elements of the appellant's past record.[5] *Prather v. Department of Justice*, <u>117 M.S.P.R. 137</u>, ¶ 35 (2011). Where, as here, all of the agency's charges are sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within the tolerable limits or reasonableness. *Ellis v. Department of Defense*, <u>114 M.S.P.R. 407</u>, ¶ 11 (2010). In reviewing an agency-imposed penalty, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility but to ensure that managerial discretion has been properly exercised. The Board will modify or mitigate an agency-imposed penalty only where it finds that the agency failed to weigh the relevant factors or the penalty clearly exceeds the bounds of reasonableness. *Id.*

¶15    In assessing the appropriate penalty, the deciding official noted the appellant's 13 years of service. IAF, Tab 10 at 25. She nevertheless that the appellant's misconduct was serious in that it harmed the quality of the interviewing and jeopardized the integrity of the data collected and that the appellant's actions evidenced a lack of respect for her position and a breach of her reliability and trustworthiness. *Id*. In addition, the deciding official testified that she lacked confidence that the appellant would refrain from repeating the misconduct when she was not being closely monitored. Hearing CD.

---

[5] The deciding official did not specifically indicate in her decision letter that she had considered the appellant's past record. IAF, Tab 10 at 25-26.

¶16     Under the circumstances, we find that the deciding official considered the relevant factors in determining the penalty. The appellant engaged in serious misconduct that caused the agency to lose confidence in her integrity and judgment, and the deciding official reasonably determined that those factors outweighed any mitigating factors, including her length of service. *See Jinks v. Department of Veterans Affairs*, 106 M.S.P.R. 627, ¶ 17 (2007) (in assessing the appropriateness of the agency's penalty selection, the most important factor is the nature and seriousness of the misconduct and its relation to the employee's duties, position, and responsibilities, including whether the offense was intentional or was frequently repeated). The Board's role is not to displace the judgment of senior agency managers who must have confidence that employees will act appropriately at all times. *Id.*; *Batts v. Department of the Interior*, 102 M.S.P.R. 27, ¶ 11 (2006).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                         _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.